UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**HEATHER PETERS,**   Case No:

    **Plaintiff,**

v.

**MCCABE, SMITH, REYNOLDS
& ASSOCIATES, a Florida
Corporation**

    **Defendant.**

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. section 1692 et seq.

### JURISDICTION

2. Subject Matter jurisdiction in this court proper pursuant to U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related state law issues.

4. Defendant McCabe, Smith, Reynolds & Associates, is a corporation formed under the laws of the state of Florida.

5. McCabe, Smith, Reynolds & Associates, is subject to the jurisdiction and venue of this Court.

6. McCabe, Smith, Reynolds & Associates may be served by personal service on its registered agent in the State of Florida, to wit:  1701 ATLANTIC BLVD, STE 5 POMPANO BCH FL 33060 US

7. Alternatively, McCabe, Smith, Reynolds & Associates may be served by U.S. Registered Mail pursuant to the Federal Rules of Civil Procedure and as applicable, the laws of the State of Florida.

## FACTS COMMON TO ALL CAUSES

8. McCabe, Smith, Reynolds & Associates regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. The purpose of McCabe, Smith, Reynolds & Associate's business is debt collection.

10. McCabe, Smith, Reynolds & Associates is subject to the provisions of the Fair Debt Collection Practices Act.

11. In the course of attempting to collect a debt allegedly due from the plaintiff to Guaranteed Pest Control & Fertilization, McCabe, Smith, Reynolds & Associates communicated with Plaintiff in a manner violated the Federal Fair Debt Collection Practices Act.

12. McCabe, Smith, Reynolds & Associates violated provisions of the Federal Fair Debt Collection Practices Act by failing to adequately investigate the legitimacy of the alleged debt.

13. On November 1, 2010 Plaintiff mailed by fist class U.S. Mail a letter to Guaranteed Pest Control & Fertilization at 5071 S ST RD 7,UNIT 711, DAVIE FL 33314 advising them that she was terminating service. .

14. Guaranteed Pest Control & Fertilization billed for services rendered on December 20, 2010 and on February 16, 2011 allegedly preformed After the effective date of the termination of service,
15. Guaranteed Pest Control & Fertilization made no attempt to contact Plaintiff regarding the billing.
16. On or about June 22, 2012 McCabe, Smith, Reynolds & Associates sent a letter to the plaintiff in an attempt to collect this debt. The format of the letter gives the impression it is being sent from a law firm. The disclosure that it is being sent by a debt collect is buried in footer.
17. The letter is confusing in that after demanding payment it states, "In the event that you fail to comply, we will have no alternative but to report this claim to the Credit Bureau. As a footnote the letter states that, "If you do not dispute the validly of the debt, or any portion thereof, within thirty days from recipe of this notice, we will assume the debt to be valid". The contradicting terms   can only lead to confusion in the mind of the debtor.
18. The Plaintiff sent a letter to McCabe, Smith, Reynolds & Associates indicating that she had cancelled the service in writing and moved before the alleged service took place and therefore was not liable for the bill. In response she was sent a print out of a bill indicating payments were due for December 20 service and February 16 service and a letter dated 8/29, 2012 saying,  "our client never received any notice from you that were moving… therefore you are liable for the debt.".  The letter goes on the say that if payment in full is not sent this debt will

be reported to the credit bureaus. The Defendant's letter fails to advise Plaintiff that the debt will be reported as disputed.

19. 15 USC § 1692(e)'s enumeration of false, deceptive, or misleading representations paragraph (8) states, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, i*ncluding the failure to communicate that a disputed debt is disputed.* (emphasis added)

20. Defendant by telling Plaintiff the debt will be reported to the credit bureaus without telling her that it will be reported as deputed is false, deceptive, and or misleading.

21. Defendant communicates information they knew was false or should have known was false when they stated the legal conclusion " therefore you are libel for the debt" , as stated in their letter of 8/29/2012.

**CAUSES OF ACTION- FAIR DEBT COLLECTION PRACTICES ACT**

22. The acts of the Defendant constitute violation of the Fair Debt collection practices act. Which include but are not limited to the following:

23. Seeking to collect a debt known or that should have been known to be invalid or insufficiently verified constitutes a violation of 15 U.S.C.1692 (d)

24. Making false and misleading statements about the legal status of the debt in Violation of 15 U.S.C. 1692(e)

25. Failing to meaningfully disclose that this was an attempt to collect a debt 15 U.S.C. 1692d(6) and 1692g(a).

26. As a result of the defendant's actions, the plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against defendant and in favor of the plaintiff as follows:

A) that the plaintiff be awarded statutory damages;

B) That the Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

C) That the court declare each and every defense raised by Defendants to be insufficient; and

D) That the court grant such further and additional relief as is just in the circumstances.

Respectfully submitted by:

JONATHAN Z. KANTOR, P.A.
304 Indian Trace # 117
Weston, Fl  33326
Phone 305 375 9119
FAX 866 395 1057
jzkantor@yahoo.com

BY: __ss/JZK_____
Jonathan Z.  Kantor, Esq.
Florida Bar #103993

## CERTIFICATION

I hereby certify that to the best of my information, knowledge and belief that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that there is no other party who should be joined in this matter to my knowledge as of the present time.

                                                Ss//JZK_____
                                                Jonathan Z. Kantor